United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 15-10146-NMG |
| Desmond Person, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendant Desmond Person ("defendant" or "Person") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

**I.  Background**

In October, 2016, defendant pled guilty to one count of an indictment charging him with conspiracy to distribute cocaine base, cocaine, heroin and oxycodone.  In January, 2017, this Court sentenced him to 104 months in prison and four years of supervised release.  Person is currently incarcerated at FCI Otisville (New York) and his projected release date is September 9, 2022.

Person moves to convert the remainder of his prison sentence to home confinement or, in the alternative, to confinement in a Residential Recovery Center until suitable housing is secured. He contends that his incarceration puts him at high risk of contracting COVID-19, particularly in light of his chronic asthma and reduced intellectual capacity, and that the balance of factors laid out in 18 U.S.C. § 3553(a) weigh in favor of his release. The government disagrees and urges this Court to deny defendant's motion.

## II. Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i). Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

§ 3582(c)(1)(A).  Even if all other requirements are satisfied, a court should grant a motion for release only if it determines that the defendant is no longer a danger to the public. Id.

**B. Application**

Mr. Person is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A).

Defendant claims to suffer from two conditions that purportedly place him at such an increased risk of severe illness from COVID-19 to warrant his release.  With respect to the first, asthma, the Centers for Disease Control and Prevention have indicated that moderate-to-severe asthma may increase the risk of serious illness from COVID-19.  Although Person has been prescribed an albuterol inhaler to treat his asthma, it is not clear that he suffers from a severe or even moderate form of such condition.  In fact, his medical records show that his inhaler is not for daily use and include notes indicating that defendant suffers from

> [i]ntermittent [a]sthma which is well controlled . . . [and] sparing use of inhaler usually only during season changes and exercise.

Person also claims to suffer from severe cognitive impairment and urges release on that basis.  He proffers no facts, however, to suggest that his intellectual disability

substantially diminishes his capacity to care for himself and to participate in measures to protect against the transmission of COVID-19. Accordingly, defendant has not shown that his asthma or intellectual disability constitute "extraordinary and compelling" reasons for his release.

Even if Person's asthma and intellectual disability together constituted an extraordinary and compelling reason for release, a reduction in his sentence would be inconsistent with the § 3553(a) factors and the need to ensure the safety of the public. See United States v. Chukwuemeka Eze, 2020 U.S. Dist. LEXIS 191121, at *5-6 (D. Mass. 2020) (denying the compassionate release motion of a defendant suffering from asthma, obesity and hypertension where release would be inconsistent with the § 3553(a) factors); United States v. Jermaine Whinleton, 2020 U.S. Dist. LEXIS 232373, at *6-9 (D. Me. 2020) (denying an asthmatic defendant's motion for compassionate release because he poses a danger to the public).

Defendant is a career offender with a lengthy criminal history replete with convictions for offenses involving drugs and violence, including one for armed assault with intent to murder. Accordingly, his early release would pose a danger to the community. The seriousness of the offense and the need for

just punishment and respect for the law weigh heavily against Mr. Person's release. § 3553(a)(2).

## ORDER

Accordingly, defendant's motion for compassionate release (Docket No. 576) is **DENIED** without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 4, 2021